**Opinion issued October 2, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00164-CR

———————————

**JUAN GENARO VAZQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1374714**

## MEMORANDUM OPINION

A jury found Juan Genaro Vazquez guilty of assault of a family member by impeding breathing. The trial court assessed his punishment at two years' confinement. On appeal, Vazquez contends that (1) the trial court erred in admitting certain photographs, because their admission violated Texas Rule of

Evidence 403 and the Confrontation Clause of the Sixth Amendment; and (2) legally insufficient evidence supports his conviction. Finding no error, we affirm.

## Background

In May 2012, Ofelia Aguirre filed a petition to divorce Vazquez. In January 2013, Vazquez knocked on Aguirre's front door and asked her to open the door. At the time, Vazquez and Aguirre were married but living separately. Vazquez told Aguirre that he was there to resolve an issue with their income taxes. Vazquez insisted that she open the door. Aguirre then unlocked her front door. Vazquez pushed the door open and entered. He threatened that he would hire someone to kill Aguirre if she did not stop the divorce proceeding. Vazquez then began to beat Aguirre's face and body with his fist. Vazquez next grabbed Aguirre's neck with both hands, impeding her ability to breathe. Vazquez then placed his arm around Aguirre's neck, causing her to lose consciousness. When Aguirre regained her consciousness, Vazquez was gone.

The following day, Officer Jesus Robles took three photographs of Aguirre's neck and face. A few days after the assault, a coworker of Aguirre took several more photographs of her neck and face. One week after the assault, an employee of a district attorney's office also took several photographs of Aguirre's neck and face.

*Course of Proceedings*

The trial court admitted, without objection, the photographs taken by Officer Robles and the photographs taken at the district attorney's office.  Over Vazquez's objection, the trial court also admitted the photographs taken by Aguirre's coworker.  The jury found Vazquez guilty of assault of a family member by impeding breathing.  The trial court assessed his punishment at two years' confinement.

## Discussion

## I.    Admission of evidence

*Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion.  *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).  A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree."  *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).  A trial court does not abuse its discretion if some evidence supports its decision.  *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).  We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case.  *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

*Texas Rule of Evidence 403*

Vazquez contends that the trial court erred in admitting the set of photographs taken by Aguirre's coworker, because these photographs are inadmissible under Texas Rule of Evidence 403. *See* TEX. R. EVID. 403. Vazquez asserts that the photographs misled the jury because they do not accurately depict Aguirre's injuries.

A trial court should exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); TEX. R. EVID. 403. "Unfair prejudice" stems from evidence that motivates a decision "on an improper basis, commonly, though not necessarily, an emotional one." *Casey*, 215 S.W.3d at 879 (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006)). "Misleading the jury" refers to "a tendency of an item of evidence to be given undue weight by the jury on other than emotional grounds." *Id.* at 880 (citing *Gigliobianco*, 210 S.W.3d at 641).

To admit a photograph into evidence, a party must show that the photograph accurately depicts the subject at a given time. *Delacerda v. State*, 425 S.W.3d 367, 393 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988)); *see also* TEX. R. EVID. 901(a). "[T]he

4

only identification or authentication required is that the offered evidence properly represent the person, object, or scene in question. *Quinonez–Saa v. State*, 860 S.W.2d 704, 706 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd), *quoted in Delacerda*, 425 S.W.3d at 393. Any witness who knows the facts may meet this requirement, "even though the witness did not take the photograph or see it taken." *Delacerda*, 425 S.W.3d at 393 (quoting *Quinonez–Saa*, 860 S.W.2d at 706) (citing *Hughes v. State*, 878 S.W.2d 142, 155 (Tex. Crim. App. 1992)).

Aguirre's testimony meets this authentication standard. She testified that her coworker took the photographs of her a few days after the assault, and that the pictures fairly and accurately depicted her injuries and had not been altered in any way. Vazquez offered no evidence to rebut Aguirre's testimony as to the accuracy of the photographs. The State thus properly authenticated the photographs. *See Delacerda*, 425 S.W.3d at 393. Because the photographs were properly authenticated, they did not mislead the jury and thus were not unduly prejudicial. *See Casey*, 215 S.W.3d at 879–80; Tex. R. Evid. 403.

*Confrontation Clause*

Vazquez next contends that the Sixth Amendment's Confrontation Clause bars the photographs' admission. The Sixth Amendment's Confrontation Clause bars the admission of out–of–court statements by a declarant whom the criminal defendant has been unable to confront. *Gonzalez v. State*, 195 S.W.3d 114, 116

5

(Tex. Crim. App. 2006).  A photograph is not an out–of–court statement and thus its admission cannot violate the Confrontation Clause.  *Wood v. State*, 299 S.W.3d 200, 214–15 (Tex. App.—Austin 2009, pet. ref'd); *see also* TEX. R. EVID. 801(a) ("A 'statement' is (1) an oral or written verbal expression or (2) nonverbal conduct of a person, if it is intended by the person as a substitute for verbal expression."). Because the photographs are not out–of–court statements, the Confrontation Clause does not bar their admission.  *See Wood*, 299 S.W.3d at 214–15. Accordingly, we hold that the trial court did not err in admitting the photographs taken by Aguirre's coworker.

## II.    Sufficiency of the evidence

Finally, Vazquez contends that the evidence is legally insufficient to support his conviction for assault of a family member by impeding breathing.  *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011).

*Standard of review*

In reviewing the sufficiency of the evidence to support a conviction, we consider all of the record evidence in a light most favorable to the verdict, and determine whether no rational fact–finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);  *In re Winship*, 397 U.S. 358, 361–64 , 90 S. Ct. 1068, 1071–73 (1970); *Laster v. State*,

6

275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We consider the "combined and cumulative force of all the evidence" to determine whether the necessary inferences have a reasonable basis in the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (quoting *Hooper*, 214 S.W.3d at 13). We presume that the fact–finder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

*Analysis*

A person commits an assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a) (West 2011). A person commits an assault of a family member by impeding breathing if the person commits an assault against a family member by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *Id.* § 22.01(b)(2)(B).

Aguirre testified that her husband, Vazquez, beat her and choked her neck. Aguirre testified that his grip on her neck was "really tight" and that she could not

7

breathe at the time. Aguirre further testified that she lost consciousness. The State proffered a set of photographs taken by Officer Robles the day following the assault. These photographs show bruises on Aguirre's neck and face. The State also proffered a set of photographs taken by Aguirre's coworker a few days after the assault. These photographs also show bruises on Aguirre's neck and face.

Vazquez contends that legally insufficient evidence supports his conviction because Officer Robles and Aguirre both lacked credibility. Vazquez notes that Officer Robles did not obtain a statement from Vazquez during his investigation and did not investigate the scene before referring the case to the district attorney. We presume, however, that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Clayton*, 235 S.W.3d at 778. Aguirre's testimony and the photographs depicting Aguirre's injuries alone are legally sufficient to support Vazquez's conviction.

Vazquez responds that the photographic evidence is inconclusive, because the photographs taken at the district attorney's office one week after the assault do not show bruises on Aguirre's neck or face. This argument is unavailing, because the State introduced other types of evidence, including Aguirre's testimony and several other photographs depicting Aguirre's injuries, which were taken within a few days of the assault. Viewed in a light favorable to the jury's verdict, we hold that sufficient evidence supports Vazquez's conviction for assault of a family

member by impeding breathing.  *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

## Conclusion

We hold that the trial court did not err in admitting the challenged photographs.  We further hold that legally sufficient evidence supports Vazquez's conviction.  Accordingly, we affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.  *See* TEX. R. APP. P. 47.2(b).